# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 17-61 (DWF) |
| Plaintiff, | |
| v. | **MEMORANDUM**<br>**OPINION AND ORDER** |
| Jeffrey Timothy Kluge, | |
| Defendant. | |

Jeffrey Timothy Kluge, Defendant, *Pro Se*, counsel for Defendant.

Lisa D. Kirkpatrick, Assistant United States Attorney, United States Attorney's Office, counsel for the Government.

## INTRODUCTION

This matter is before the Court on Defendant Jeffrey Timothy Kluge's ("Defendant") *pro se* motions for leave to proceed *in forma pauperis* ("IFP") in this matter (Doc. No. 64) and for placement in home confinement pursuant to Section 602 of the First Step Act (Doc. No. 63). The United States of America (the "Government") opposes Defendant's motion for placement in home confinement. (Doc. No. 68.) The Court grants Defendant's motion to proceed IFP, but for the reasons set forth below, the Court respectfully denies Defendant's motion for placement.

## BACKGROUND

On March 29, 2017, pursuant to a plea agreement, Defendant entered pleas of guilty to two counts of bank fraud, in violation of 18 U.S.C. § 1344, as charged in the

felony information in this case.  (Doc. Nos. 1, 6, 11.)  On August 10, 2017, Defendant

was adjudged guilty as to Counts 1 and 2.  (Doc. No. 29 ("Judgment") at 1.)  The Court

imposed a sentence of 50 months' imprisonment for each count, to run concurrently, to

be followed by a term of supervised release of three years per count, also to run

concurrently.  (Judgment at 2-3.)  The Court recommended to the Bureau of Prisons

("BOP") that Defendant "be designated to the FPC Duluth facility in Minnesota to be

close to his family" to serve his term of imprisonment, or in the alternative, as close to

Minnesota as possible.  (*Id.* at 2.)

Defendant did not appeal his conviction or sentence.  He is currently in the

custody of the BOP at the minimum security Federal Prison Camp in Duluth, Minnesota

("FPC Duluth"), with a scheduled release date of April 5, 2021.[1]

Defendant now moves for placement in home confinement pursuant to Section

602 of the First Step Act.  (Doc. No. 63.)  He cites the amendments under the First Step

Act to Chapter 229 of the United States Code, which governs Postsentence

Administration, to support his contentions.  (*Id.* at 2-4; *see also* 18 U.S.C. §§ 3621, *et*

*seq.*, 3631, *et seq.*)  Defendant argues that under the changes enacted, he is eligible for

home confinement because he is a low-risk offender, and that while he is not required to

pursue relief through the BOP, he did exhaust his remedies through their administrative

process.  (*Id.* at 4.)  Defendant also argues that his improvement while incarcerated

warrants relief and he submits exhibits to document his accomplishments.  Defendant

---

[1]     Inmate Locator, *Find an inmate*, Federal Bureau of Prisons,
https://www.bop.gov/inmateloc/ (last visited Jan. 3, 2020) ("Inmate Locator").

further argues that the Court should intervene because the BOP "appears in no hurry to help those innocent people in [his] case" and is punishing society at large and Defendant's family in particular by incarcerating him unnecessarily. (*Id.* at 5, 7; Doc. Nos. 63-1-4.) Defendant includes among his pleadings a custody classification form dated April 10, 2019, which shows that he is considered a minimum security risk. (Doc. No. 63-1 at 1.) He also submits individualized reentry plan program reviews dated April 6, 2018, September 19, 2018, and March 13, 2019. (*Id.* at 3-8.) Defendant's reviews show his work assignment and educational achievements, that he had no disciplinary incidents in the period addressed or in the six months prior to the April 2018 evaluation, and state that Defendant "maintained above average work evaluations, clear conduct," and "positive rapport with staff and other inmates." (*Id.* at 4, 6, 8.) The earlier two reviews state that Defendant would not be placed in home confinement, but that this "management decision" would be reviewed when he is "within 15 months prior to release." (*Id.* at 4, 6.) The most recent review from March of 2019 states that Defendant's placement will be reviewed at his next program review. (*Id.* at 8.)

On March 19, 2019, Defendant submitted a self-styled petition to be reclassified and transferred to home confinement, with supporting materials, through an Inmate Request to Staff. (Doc. No. 63-3 at 2.) FPC Duluth Warden Melissa Rios issued a response on March 25, 2019, stating that the First Step Act is "complex and requires the BOP to implement a number of changes, not all of which are effective immediately," and that when the BOP issues guidance regarding the changes, "inmates will be notified" and

Defendant "can resubmit his request at that time." (*Id.* at 3.) Defendant did not resubmit his request.

The Government opposes Defendant's motion, arguing that the First Step Act does not authorize judicial review of the BOP's placement determinations. (Doc. No. 68 at 1.) The Government notes under the First Step Act, placement of an inmate remains the exclusive province of the BOP, and that nothing in the new law mandates that inmates be placed in home confinement. (*Id.* at 5.) The Government also points out that in Defendant's situation, he has not exhausted his administrative remedies, and that even under the provisions of the First Step Act on which he relies, Defendant would not be eligible for placement in home confinement until late in 2020. (*Id.* at 6, n.3.)

In his replies to the Government's response, Defendant maintains that the First Step Act "would allow for [Defendant] to be transferred to home confinement immediately." (Doc. Nos. 69 at 2; 70 at 1.) Defendant claims that he "did follow the First Step Act procedure to file a petition with the Warden, but the Warden failed in their duty to act on the law." (Doc. No. 69 at 2.) He concedes that "the BOP has the final say of where they place an inmate," but states that the BOP needs "the nudge or opinion of the [Court] to make them follow the law." (Doc. No. 70 at 2.)

## DISCUSSION

### I.      First Step Act of 2018

#### A.      Section 602

The First Step Act ("FSA" or the "Act") was enacted into law on December 21, 2018. *See* Pub. L. No. 115-391, 132 Stat. 5194. Section 602, entitled "Home

Confinement for Low-Risk Prisoners," amends 18 U.S.C. § 3624, which governs the

release of a prisoner. FSA § 602, 132 Stat. 5194, 5238. In its previous form, § 3624(c)

provided that in general, the BOP "shall, to the extent practicable" ensure that prisoners

spend a portion of their term of incarceration, no greater than 12 months, "under

conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare

for" reentry into the community. 18 U.S.C. § 3624(c)(1). Section 3624 also authorized

placement of prisoners into home confinement, providing that the BOP *may* place a

prisoner for 10 percent of the term of his or her imprisonment or six months, whichever is

shorter. 18 U.S.C. § 3624(c)(2) (emphasis added). Now, as amended, § 3624

additionally provides that the BOP "shall, to the extent practicable, place prisoners with

lower risk levels and lower needs on home confinement for the maximum amount of time

permitted under this paragraph." *Id.*; FSA § 602. However, as will be discussed further

below, the FSA did not change 18 U.S.C. § 3624(c)(4), which states that "[n]othing in

this subsection shall be construed to limit or restrict the authority of the Director of the

[BOP] under section 3621," which in turn provides that the BOP "shall designate the

place of the prisoner's imprisonment." 18 U.S.C. §§ 3624(c)(4), 3621(b).

Here, ten percent of the term of imprisonment imposed is 146 days, which is a

shorter term than the maximum of six months permitted under § 3624(c)(2).[2] With

Defendant's current release date, as calculated by the BOP, the earliest he would be

---

[2]     As noted above, Defendant's sentence of 50 months' imprisonment was imposed
on August 10, 2017. Were he to serve the full term of imprisonment without any good
conduct time ("GCT"), 50 months from that date would come to October 10, 2021; a total
of 1,461 days' imprisonment.

eligible for placement would be November 10, 2020.[3]  Consequently, his motion is

premature.

> **B.      Authority to make determination remains with the BOP**

Although it finds that Defendant is not entitled to immediate relief, and

accordingly, his motion is not properly before the Court at this time, the Court further

clarifies that the matter of Defendant's placement in home confinement falls within the

BOP's purview.

"The [BOP] shall designate the place of the prisoner's imprisonment."  18 U.S.C.

§ 3621(b).  Section 601 of the FSA amended 18 U.S.C. § 3621(b) so that it now requires

the BOP to take several listed factors into consideration when designating placement,

including placing inmates in facilities within 500 driving miles of their primary residence

"to the extent practicable," but § 601 did not change the language providing that the BOP

decides placement.  *Id.*; FSA § 601, 132 Stat. 5194 at 5237.  Section 602, discussed

above, did not alter 18 U.S.C. § 3624(c)(4), titled "No limitations," which provides that:

"Nothing in this subsection shall be construed to limit or restrict the authority of the

Director of the [BOP] under section 3621."  18 U.S.C. § 3624(c)(4).

A court may not modify a term of imprisonment once it has been imposed except

when expressly permitted by statute or by Fed. R. Crim. P. 35.  18 U.S.C. § 3582(c).  "A

document filed *pro se* is to be liberally construed."  *United States v. Sellner*, 773 F.3d

---

[3]      This date is based on the assumption that Defendant's GCT will remain the same
and that he is placed for the maximum 10 percent of his term of imprisonment, resulting
in placement 146 days before his scheduled release from prison.

927, 932 (8th Cir. 2014) (quoting *Erickson v. Pardus,* 551 U.S. 89, 94 (2007)) (per

curiam) (internal quotation marks and citation omitted).  Although Defendant does not

expressly invoke 18 U.S.C. § 3582(c)(1)(B), the Court interprets his motion as a request

for relief pursuant to a change in statute, based on his request for consideration "per new

law" under the FSA.[4]  (*See* Doc. No. 63 at 1.)

Nothing in the statutes amended by the FSA permits the Court to place Defendant

in home confinement.  Under the FSA, the authority to place a prisoner remains with the

BOP.  18 U.S.C. §§ 3624(c)(4), 3621(b); *see also, United States v. Norris*, Crim.

No. 17-40, 2019 WL 5079759, at *2 (E.D.N.C. Oct. 10, 2019) (collecting cases).

After exhausting his administrative remedies, Defendant may seek review of the

BOP's decision regarding his placement on constitutional grounds by filing a Section

2241 petition, as discussed below.  The statutes Defendant relies upon in his argument do

not authorize the Court to modify his sentence under 18 U.S.C. § 3582(c)(1)(B).

## II.     28 U.S.C. § 2241

Defendant also contends that he has exhausted the administrative remedies

available to him through the BOP by following "the process outlined in [18 U.S.C.

§ 3624(g)(1)(D)(i)(II)]."  (Doc. No. 63 at 4.)  The Court also considers the possibility

that, liberally construed, his motion seeks relief pursuant to § 2241, but finds that as such,

Defendant's motion must be dismissed without prejudice.

---

[4]     Rule 35 of the Federal Rules of Criminal Procedure provides for the correction or
reduction of a sentence when it is erroneous or a defendant has provided substantial
assistance to the government, and thus, even liberally construed, does not apply here.

As explained above, § 3624 directs the BOP to place prisoners with lower risk levels and lower needs in home confinement for the "maximum amount of time permitted," "to the extent practicable." 18 U.S.C. § 3624(c)(1)-(2). This statute also states that prisoners who are participants in the newly developed risk and needs assessment system and who have had a petition to be transferred to prerelease custody approved by the warden of the prison are eligible for home confinement. 18 U.S.C. §§ 3624(g)(1)(D)(i)(II), (g)(2)(A).

Section 101 of the FSA required the Attorney General to review the existing system and develop, in consultation with the BOP and others, a risk and needs assessment system no later than 210 days after the FSA was enacted. FSA § 101; 18 U.S.C. §§ 3631, 3632. The Risk and Needs Assessment System was published on July 19, 2019. U.S. Dept. of Justice, *The First Step Act of 2018: Risk and Needs Assessment System* (July 19, 2019) (avail. at https://www.nij.gov/documents/the-first-step-act-of-2018-risk-and-needs-assessment-system.pdf).

Defendant's argument that the FSA "does not require, nor make any reference to follow the BOP Administrative Remedy Program," is incorrect. (Doc. No. 63 at 4.) While the text of the FSA does not cite the BOP's Administrative Remedy Program by name, it does not abrogate the standing requirement that prisoners exhaust administrative remedies before seeking a court's review of the execution of a sentence. For example, the FSA still requires prisoners to exhaust their administrative rights before seeking a modification of a term of imprisonment to allow for compassionate release. FSA § 603; 18 U.S.C. § 3582(c)(1)(A).

The BOP's Administrative Remedy Program allows federal prisoners to seek formal review of issues relating to any aspect of their confinement, with statutorily-mandated exceptions for certain listed claims. 28 C.F.R. § 542.10(a), (c). When a prisoner raises an issue that cannot be resolved through the Administrative Remedy Program, the BOP "will refer the inmate to the appropriate statutorily-mandated procedures." 28 C.F.R. § 542.10(c). Here, Defendant filed his petition and received a response from the FPC Duluth warden in March 2019, before the risk and needs assessment system to be developed under the FSA was in effect. Because of this, he could not yet have been eligible for consideration under §§ 3624(c) and (g) as amended.

A § 2241 petition brought before exhausting administrative remedies or before a court without subject-matter jurisdiction is dismissed without prejudice. *See Mathena*, 577 F.3d at 946. Because Defendant has not exhausted the remedies available to him under BOP policy or presented any evidence to justify a waiver of the exhaustions requirement, he is not eligible for relief under § 2241 at this time.

## CONCLUSION

Read in conjunction, Sections 3621(b) and 3624(c) impose upon the BOP a qualified obligation to facilitate a prisoners' transition from the prison system. *Elwood v. Jeter*, 386 F.3d 842, 844, 847 (8th Cir. 2004). However, "[t]here is no question that § 3621(b) provides the BOP with broad discretion to choose the location of an inmate's imprisonment." *Fults v. Sanders*, 442 F.3d 1088, 1090 (8th Cir. 2006). The Second Chance Act of 2007 marked "an increasing special obligation to help federal offenders successfully reenter into society." *United States v. Wessels*, 539 F.3d 913, 915 (8th Cir.

2008) (Bright, J., concurring) (citing Pub. L. No. 110-199, 122 Stat. 657 (Apr. 9, 2008).)
The FSA further expanded the BOP's authority to place prisoners, providing more ways
to reach rehabilitation goals, but it did not change the Court's authority to place an
inmate.

The Court observes that in his request for designation to home confinement,
Defendant relies chiefly on the low risk he presents to public safety.  Defendant also lays
blame for the hardships his family is experiencing during his absence solely at the feet of
the BOP.  This reasoning is misguided and ignores other factors the Court took into
consideration in arriving at the appropriate sentence for Defendant's crimes.  But on a
more positive note, the Court commends Defendant's progress and his aspirations toward
continued self-improvement and productive use of his time during his incarceration.  In
strengthening the language regarding the BOP's obligation to facilitate prisoners'
successful reentry into their communities, FSA § 602 endorses the use of home
confinement "to the extent practicable."  The Court's decision in this matter is not an
expression of disapproval or a recommendation against Defendant's placement in home
confinement.

Based upon the submissions of the parties, the Court having once more carefully
reviewed the record in this matter, and the Court being otherwise duly advised in the
premises, the Court hereby enters the following:

**ORDER**

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT
IS HEREBY ORDERED** that:

10

1.      Defendant Jeffrey Timothy Kluge's *pro se* Motion for Placement in Home

Confinement Pursuant to Section 602 of the First Step Act (Doc. No. [63]) is respectfully

**DENIED**;

2.      This action is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4

of the Rules Governing Section 2254 cases;

3.      No hearing is required in this matter.

4.      Defendant Jeffrey Timothy Kluge's *pro se* Motion to File and Proceed *In*

*Forma Pauperis* (Doc. No. [64]) is **GRANTED.**


        **LET JUDGMENT BE ENTERED ACCORDINGLY.**


Date:  January 14, 2020                          s/Donovan W. Frank
                                                 DONOVAN W. FRANK
                                                 United States District Judge